21821. Southern Railway Company v. Abercrombie.

Bell, J. 1. In the operation of a railroad-train at a public crossing, it is the duty of the engineer, under the statute, "to keep and maintain a constant and vigilant lookout along the track ahead of said engine, and [he] shall otherwise exercise due care in approaching said crossing, in order to avoid doing injury to any person or property which may be on such crossing, or upon the line of said railway at any point within fifty feet of such crossing." Ga. L. 1918, p. 212, § 2. Under the same statute, it is the engineer's further duty to exercise due care in so controlling the movements of his train as to avoid doing injury to persons or property which may be upon or within fifty feet of a crossing within a city, and to observe any municipal ordinance which may have been lawfully passed regulating the speed of trains in such city. *Louisville & Nashville R. Co.* v. *Faust*, 30 *Ga. App.* 310 (2) (117 S. E. 761).

2. This was an action to recover damages for the alleged negligent killing of a dog belonging to the plaintiff, and the evidence showed, without dispute, that the dog was run over and killed by the defendant's train at a public crossing in a city. The evidence further showed, without dispute, that the train was being operated at the time in violation of an ordinance of the city regulating the speed of trains therein. The engineer testified that he saw the dog at a point within 50 feet of the railroad track and about 100 feet ahead of the engine, and that the bell was ringing, and that upon discovery of the dog he immediately put on the brakes and gave an alarm by the whistle. He further testified that he could not have stopped the train in time to prevent the killing, even if he had been running within the speed allowed by the ordinance. While the engineer testified also that the train was being operated at the time at a speed of from 12 to 15 miles per hour, there was testimony by a witness for the plaintiff that it was running at 25 or 30 miles per hour, and in either case the speed was in excess of that allowed by the municipal ordinance. The plaintiff's witness further testified that when he first saw the dog it was walking in the direction of the track, and that it did not stop upon the track, but kept going, and that "the train hit it just about the center of the crossing." *Held:*

(a) It appearing, from the testimony of the engineer, that he was operating the train at a speed in excess of that permitted by the city ordinance, his testimony that he could not have stopped the train in time to prevent the killing, even if he had been running at lawful speed, was a mere conclusion, and was not binding upon the jury upon the question of proximate cause. *Macon, Dublin &c. R. Co.* v. *Stewart*, 125 *Ga.* 88 (54 S. E. 197).

(b) Under the evidence it can not be held by this court as a matter of law that the engineer was not negligent as alleged, in failing to exercise due care so to control the movements of his engine as to avoid the injuring and killing of the animal in question.

(c) The present case is distinguished by its facts from the case of *Alabama Great Southern R. Co.* v. *Capeley*, 39 *Ga. App.* 98 (2) (146 S. E. 326).

4. The evidence authorized the verdict for the plaintiff, and the court did

not err in refusing the defendant's motion for a new trial, based upon the general grounds only.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*

Decided May 11, 1932. Rehearing denied October 1, 1932.

*J. H. McLarty, Maddox, Matthews & Owens,* for plaintiff in error.

*Astor Merrill,* contra.