John Buffo, Appellee, v. Metropolitan Life Insurance Company, Appellant.

Gen. No. 8,825.

 Opinion filed November 21, 1934.

EARLY & EARLY, for appellant.

KARL C. WILLIAMS, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

Appellee brought suit herein under the terms of a life insurance policy issued to him by appellant company. The policy contained what is commonly called a total disability clause, which provided that should the insured "become totally and permanently disabled as the result of bodily injury or disease occurring and originating after the issuance of said policy, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, . . .," then certain benefits should accrue to the insured by the payment to him of the sum of $10 per month for each $1,000 of insurance.

The evidence discloses that appellee was engaged in the business of selling fruit and vegetables both at wholesale and retail; that while riding in his motor truck at a time when his son was driving same, the son brought the truck to a sudden stop, thereby throwing appellee against the windshield with such violence that his right hand was forced through the said windshield and severely cut and injured. The doctor who treated the injury states that certain tendons were

severed, which he sutured, and then closed the wound. Subsequently, the hand and forearm became infected. The infection cleared up in about two weeks and the wound healed in about four weeks. The knuckles of the right hand were left stiff, the muscles of the hand and forearm became shrunken and weak and atrophied. The testimony of the doctor is to the effect that appellee can rotate the arm and that the elbow is all right, but the wrist, hand and forearm are weak because of atrophy. The physician attributes this to lack of motion and disuse, which he states is appellee's fault in that he does not exercise the arm.

Upon the trial of this case in the circuit court, the jury returned a verdict in favor of appellee for $405.66. The court ordered a remittitur in the sum of $61.66 which the plaintiff accepted, and judgment was entered on the verdict in the sum of $344, from which judgment appellant brings this appeal.

Appellant insists that before appellee is entitled to a recovery under the policy in question, the burden is upon appellee to furnish the necessary proof or evidence that he is prevented, because of such injury, from engaging in any occupation and performing any work for compensation or profit. We consider this to be the controlling feature in this case. It appears that there are two general types of contracts of insurance of this nature, one of which provides for indemnity if the insured is disabled or prevented from engaging in any occupation and performing any work for compensation or profit, which policy is commonly known and designated as a total disability policy. The other kind provides for indemnity if the insured is disabled from transacting duties pertaining to the particular occupation in which the insured is then engaged. These are ordinarily styled occupational disability policies. It is generally recognized that there is a fundamental difference between these two classes of insurance and the risk that is assumed therein by

the insurer. It therefore becomes necessary to revert to the provisions of the policy in question to determine which class the same comes under.

The policy in the instant case expressly provides that in order for the insured to be entitled to the disability provision, he must because of such alleged accident or disease, "become totally and permanently disabled . . ., so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, . . ." It therefore is manifest that the policy in question in this case falls within the class designated as total disability policies, and not within that group termed occupational disability policies.

An examination of the record in this case discloses without controversy that the appellee confined his proof solely to that of demonstrating he was unable to perform the duties incident and necessary to that of the wholesale and retail fruit and vegetable business. There is no attempt made to show any inability to engage in any other occupation or from performing any other work for compensation or profit. Under such state of facts this court is of the opinion that appellee has not proven he is totally and permanently disabled by the alleged injury so as to be prevented from engaging in any occupation and performing any work for compensation or profit, in accordance with the terms of the policy. The construction of a similar provision was before this court in the case of *Sibley v. Travelers' Ins. Co.,* 275 Ill. App. 323, and there decided adversely to the contention of appellee in this case. We adhere to the position announced in that case. (Certiorari was denied in the above case.)

Formerly, the terms of policies of insurance with reference to total disability provisions varied considerably, and this produced a situation where it was difficult to formulate general rules or principles governing and applicable to all cases. Recently, conditions

of this character in insurance policies have assumed a more uniform and similar nature, whereby it has become possible to establish and apply principles to such policies containing similar conditions, with more ease and uniformity.

Disability provisions in insurance policies ordinarily fall into two classes, the occupational, and those where the insured must become totally incapacitated so as to prevent his following any occupation for profit.

The policy in this case is a life policy containing a total disability clause, and it would seem, in examining the terms thereof, that the words used necessitate that the insured should be so far disabled as to prevent his following any occupation or performing any work or labor for profit.

We are not unmindful of the rule that contracts of insurance are to be construed favorably to the insured, but we do not understand this permits us to read something into the policy directly repugnant to the written terms thereof, or to alter, change, or ignore conditions and provisions of the policy, which appear to be plainly set out and over which no question of ambiguity may be said to exist.

In Bacon on Life and Accident Insurance, vol. 2, p. 1365, it is stated: ''Total disability naturally means being totally disabled from all kinds of business unless by the contract the disability is to be only from the usual occupation of the assured.'' (With many citations of authorities.) By this general rule most insurance policies containing disability clauses may be placed in one of the two classes, occupational, or as applied to all kinds of endeavor. We are of the opinion that the provisions in the policy sued on herein fall within the last mentioned class.

The judgment herein not being supported by the evidence this cause must be reversed and remanded.

*Reversed and remanded.*