31833.   TRAVELERS INSURANCE COMPANY *v.* HILL.

Decided February 26, 1948.   Rehearing denied March 18, 1948.

642

*Earle Norman, Neely, Marshall & Greene*, for plaintiff in error.
*Clement E. Sutton, Ralph R. Williams*, contra.

SUTTON, C. J. (After stating the foregoing facts.) ■ The
plaintiff in error contends in its exceptions pendente lite, on which
error is assigned in the main bill of exceptions, that the court
erred in refusing its request for a continuance to allow it time to
make a request to have the plaintiff examined by a physician of
its choice. It is well-settled law that "All applications for con-
tinuances are addressed to the sound legal discretion of the court"
in which the case is pending. Code, § 81-1419; *Williams* v. *Baber*,
61 *Ga. App.* 56 (1) (5 S. E. 2d, 703), and citations. In the
present case, the trial judge ruled that he would not grant an

indefinite continuance or continue the case for the term to allow the defendant to file a request to have the plaintiff examined by a physician of its selection, but that he would grant an order for an examination of the plaintiff if the defendant requested it during the trial of the case and the defendant had such a physician in the county where the case was on trial. It does not appear from the record that the defendant could not have by due diligence obtained a physician during the progress of the trial, which lasted more than one day, to make such an examination, or that the defendant made any effort to obtain such a physician. The plaintiff had been examined by two physicians, and their reports were placed in evidence. One of these examinations was made at the request of the insurance company and by a physician of its choice, Dr. C. E. Wills. Under the facts, it does not appear that the trial judge abused his discretion, and his ruling refusing to continue the case will not be disturbed by this court.

■ The plaintiff in error contends that the court erred in overruling the general grounds of its motion for a new trial, for the reason that the evidence did not authorize a finding that the plaintiff had become disabled within the meaning of the provisions of the policies sued upon. The disability provision contained in each of these policies was as follows: "Upon due proof that . . the insured has become wholly disabled by bodily injuries or disease and will be continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the company will waive the payment of any premiums which may fall due on this contract during such disability and will pay from the commencement of such disability and during its continuance the disability income stated on the first page of this contract. The premiums so waived and the disability income so paid will not be deducted in any settlement hereunder. . . Independently of all other causes the company will consider as permanent total disability the entire and irrevocable loss of the sight of both eyes, or of both hands or of both feet or of one hand and one foot." This provision was intended primarily as insurance against loss of earning capacity and was not necessarily a provision against loss of income. *John Hancock Mutual Life Insurance Co.* v. *Frazer,* 194 *Ga.* 201 (20 S. E. 2d, 915); *Mutual Life Insurance Company* v. *Barron,* 198 *Ga.* 1, 12 (30 S. E. 2d, 879).

The jury was authorized to find from the evidence that the plaintiff was engaged in a general mercantile business prior to March 1, 1946, where he handled heavy groceries, feeds, grain, hardware, dry goods, lime and cement; that, while the plaintiff had clerks in operating the store, he waited on the trade, bought and sold merchandise, kept the books, and was on his feet continuously; that his store hours were from 6 o'clock in the morning until 7 o'clock in the evening; that the plaintiff's health began to decline in 1941, and his condition gradually grew worse until he was forced to quit working, and that he gave up working on March 1, 1946, and sold his mercantile business; that he had the agency for Pontiac automobiles, and gave up all of his activities in connection with this business during the recent war, but continued to own the agency; that he had a waiting list of customers, and when his agency was allotted a new automobile, he would either send for it or cause the customer to carry him after it, and that selling these cars required no physical effort or physical work whatsoever; that he owned three farms, but these were in the entire charge of a partner; that he and this partner raised cattle on these farms, and he received one-half of the proceeds of all sales; that he was able to walk some and to drive an automobile on the pavement, but was not able to perform any duties which required physical work; that he had not been able to perform any duties since he wrote the defendant company, on February 4, 1946; and that he was not able to work and was having to sell his business. Under the evidence, the jury was authorized to find that the plaintiff was and had been, since March 1, 1946, unable from physical disability to perform any substantial part of the duties of his former occupation or business, or of such other employment approximating the same livelihood as he might fairly have been expected to follow, and he was not precluded from recovering for such disability by reason of the fact that he received some income from his automobile agency and farms. The verdict is supported the evidence, and the court did not err in overruling the general grounds of the motion for a new trial.

■ Special ground 1 of the motion is a mere amplification of the general grounds, and, for the reasons above stated, the court did not err in overruling this ground of the amended motion for a new trial.

■ In special ground 2 of the motion, the plaintiff contends that the verdict is excessive, for the reason that there was no evidence of proof of disability prior to January 13, 1947, the date of the report by Dr. C. E. Wills. This ground of the motion is without merit. The defendant in error testified in part: "I am not able to perform any duties requiring physical work. . . As far as disability was concerned, that was in 1946. On February 4, [1946] I wrote the [defendant insurance] company [that] I was having to sell out and was not able to work. I have not been able to perform any duties since that date." Under the evidence, the jury was authorized to find that the total disability, within the provisions of the contracts of insurance, commenced on or prior to March 1, 1946, the date fixed by them in their verdict. The verdict is not excessive under the pleadings and the evidence of the case, and the court did not err in so holding.

Complaint is also made in this ground of the motion that the verdict is excessive under the finding of the jury. The verdict was as follows: "We the jury find that the plaintiff do recover: the following amounts: $80 per month: 7% interest. From March 1, 1946 to date: on the 8 policies held by the plaintiff with the Travelers Insurance Co.: Also $274.88 back premiums. The 25% for bad faith be eliminated due to the fact that definite disability was established to the company only in 1947." It is the contention of the plaintiff in error that the verdict shows that the disability commenced in 1947. We think that a reasonable and fair construction of this verdict is that the total disability commenced on March 1, 1946, but that this fact was not definitely established to the defendant insurance company until 1947. The judge did not err in overruling special ground 2 of the motion for a new trial.

■ Complaint is made in special ground 3 that the court erred in giving the following charge: "I charge you that total disability does not mean an absolutely physical inability to work at one's occupation or to pursue some occupation for wages or gain, but it exists if the injury or disease of the insured is such that common care and prudence require him to desist, and he does in fact desist, from transacting his business. In such circumstances, total disability exists, and it is entirely a question for you to determine from all the evidence, facts and circum-

stances as to whether.or not there was a total disability in this case." The plaintiff in error contends that the following language from the charge above quoted, "but it exists if the injury or disease of the insured is such that common care and prudence require him to desist, and he does in fact desist, from transacting his business," is an erroneous statement of the law as it existed at the time of the trial, it being the law at the time of the trial that the language of the policy providing, "from engaging in any occupation or employment for wage or profit," would mean the ordinary employment of the particular insured or such other employment, if any, approximating the same livelihood that the insured might fairly be expected to follow in view of his station, circumstances and physical and mental capability.

This exception is well taken. The language defining total disability in the charge here complained of is the same as that used by the Supreme Court in headnote 4 of the case of *Cato* v. *Ætna Life Insurance Company*, 164 *Ga.* 392 (138 S. E. 787), and is the same definition as contained in the body of the opinion on page 399 of that decision. The Supreme Court in *Mutual Life Insurance Co.* v. *Barron*, 198 *Ga.* 1 (supra), reviewed the decision in the *Cato* case, supra, and the decision in *Prudential Insurance Company* v. *South*, 179 *Ga.* 653 (177 S. E. 499, 98 A. L. R. 781), and referred to a number of other decisions by the Supreme Court and the Court of Appeals dealing with total-disability provisions in insurance policies similar to the provision, in that respect, in the policies involved in the present case. The Supreme Court in the *Barron* case, among other things, said: "There is a material difference between a policy providing for payments for disability to carry on a particular occupation, and one under which such payments are to be made in case the insured becomes unable from disability to carry on or to follow any gainful work or occupation. The distinction was pointed out in Buffo *v.* Metropolitan Life Ins. Co., 277 Ill. App. 366, 368, as follows: 'It appears that there are two general types of contracts of insurance of this nature, one of which provides for indemnity if the insured is disabled or prevented from engaging in any occupation and performing any work for compensation or profit, which policy is commonly known and designated as a total-disability policy. The other kind provides for indemnity if the insured is disabled

from transacting duties pertaining to the particular occupation in which the insured is then engaged. These are ordinarily styled occupational disabilities. It is generally recognized that there is a fundamental difference between these two classes of insurance and the risk that is assumed therein by the insurer. It therefore becomes necessary to revert to the provisions of the policy in question to determine which class the same comes under.'" The court then quoted from the *Cato* case the same definition of total disability which is here excepted to, and then said: "The decision thus tended to construe the policy as one providing for occupational, as distinguished from general, disability," and "so much of the opinion as tended to treat the policy as one providing for an occupational disability was obiter, and did not prevent this court from laying down a different rule, as we later did in *Prudential Insurance Co.* v. *South,* supra. Yet we did not in the later case expressly refer to the dictum in the *Cato* case, and our failure to do so tended to leave the law in a state of confusion as related to contracts of this class."

The policy in the present case provided, "Upon due proof that . . the insured has become wholly disabled by bodily injuries or disease and will be continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit," that the company would "waive the payment of any premiums which may fall due on this contract during such disability and will pay from the commencement of such disability and during its continuance the disability income stated." This was a total-disability policy and not an occupational disability policy. The insured would be totally disabled within the meaning of the terms of this policy if he was unable to perform any substantial part of the duties of his occupation or such other employment approximating the same livelihood as he might fairly have been expected to follow. In other words, if the insured was so incapacitated that substantially all of the material activities of his occupation or employment or such other employment approximating the same livelihood as he might fairly have been expected to follow are reasonably closed to him, he is totally disabled within the meaning of this policy. As we understand, this is the rule as to the meaning of total disability in such policies as laid down by the Supreme Court in the *Barron* case, supra,

the *South* case, as modified by the *Barron* case, the case of *Metropolitan Life Insurance Co.* v. *Johnson*, 194 *Ga.* 138 (20 S. E. 2d, 761), and other similar cases referred to in the *Barron* case. If the policy had been one covering a particular occupation, then it would have been necessary to show only that the insured had become totally and permanently disabled to follow that particular occupation.

The plaintiff in error also contends that the instruction complained of was erroneous, in that it was in direct conflict with the following charge of the court: "I charge you, gentlemen, that where a policy of insurance provides that the insurer will pay to the insured stated sums monthly upon proof that after issuance of the policy he had become totally, permanently disabled, as defined in this policy, that the insured has become wholly disabled by bodily injuries or disease and will be continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, that the words, 'from engaging in any occupation or employment for wage or profit,' as used in this clause, would mean the ordinary employment of the particular insured or such other employment, if any, approximating the same livelihood as the insured might fairly be expected to follow in view of his station, circumstances, and physical and mental capabilities. Mere inability of the insured to perform all or substantially all of the duties of his occupation or such other line of endeavor as he might be reasonably expected to follow, within the foregoing rule, would not amount to total disability, for he would not be totally disabled unless he was unable to perform any substantial part of the duties of such occupation or other line of endeavor as described."

The charge complained of in this ground of the motion was error and requires the grant of a new trial. Under the facts and circumstances of the case, it was a question for the jury to determine whether the plaintiff was totally disabled within the meaning of the terms of the policy. Although a verdict in favor of the plaintiff was authorized by the evidence, it was not so demanded. Consequently, the erroneous statement in the charge here complained of as to the meaning of total disability and when it existed on the part of the plaintiff requires a reversal of the judgment in this case.

■ In special ground 4 of the motion, error is assigned on the charge of the court submitting to the jury for its determination whether or not proper proofs of disability were furnished by the insured to the company. It does not appear how the plaintiff in error could have been harmed by this charge. While the defendant in error alleged in his petition that he had furnished the plaintiff in error with due proofs of disability, and this was denied in the answer of the plaintiff in error, it affirmatively appears without conflict from the evidence, that the defendant in error wrote the plaintiff in error a letter on February 4, 1946, that he: was applying for total-disability benefits under his policies of insurance, and that, if there were any questions the company wanted to ask him, or any forms it wanted filled out, or any examinations it desired him to undergo, for it to advise him; and that the defendant insurance company in reply to this letter sent him certain forms, which he filled out or caused to be filled out and returned to the company, and it accepted them without objection and denied liability. Under these circumstances, this was a waiver of proof of disability, and the charge, if error, was harmless to the plaintiff in error. In this connection, see *New York, Life Insurance Co.* v. *Williamson,* 53 *Ga. App.* 28, 31 (184 S. E. 755). The court did not err in overruling special ground 4 of the motion.

■ For the reason assigned in division 5 of this opinion, the trial judge erred in overruling the motion for a new trial.

Pursuant to the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, page 232, Code, Ann., § 24-3501), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment reversed. MacIntyre, P. J., Gardner, Parker, and Townsend, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. I think that the evidence demanded a finding for the plaintiff.