33766. FRANKLIN LIFE INSURANCE COMPANY v. RANSOM.

CARLISLE, J. 1. Where, in a policy of life insurance, it is provided that certain benefits will accrue to the insured if he becomes "totally and permanently disabled by bodily injury or disease so that he is and will continue to be for life totally and permanently prevented thereby from the performance of any work or the transaction of any business for compensation or profit," such policy is properly construed as furnishing insurance against loss of earning capacity, and not strictly as furnishing insurance against loss of income; and, in an action on

660

such policy to recover the allegedly accrued benefits for total and permanent disability, the question of whether the insured is totally and permanenly disabled, within the meaning of that term as used in the policy, is for the determination of the jury; and the criterion to be used in answering that question is the insured's ability to perform the duties, or a substantial part of the duties, of the occupation in which he was engaged at the time the policy was issued, or his ability to perform the duties, or a substantial part of the duties, of an occupation of like productivity. *Mutual Life Insurance Co. of New York v. Barron,* 198 *Ga.* 1 (30 S. E. 2d, 879).

2. Where, in such an action as is indicated in division 1, error is assigned by the defendant insurance company, in its motion for a new trial, upon the admission of evidence of the insured's *inability* to "push a lawn mower," "go bird hunting," "work in the garden," and "wash and grease an automobile," and to perform any substantial part of the duties of the occupation in which he was engaged at the time the policy was issued, or any substantial part of the duties of an occupation of like productivity—such assignments of error (special grounds 1, 3, and 4) are without merit, as such evidence bore directly upon the insured's physical condition and his consequent earning capacity.

3. Where, in such a case as indicated above, the evidence shows, without contradiction, the insured's *inability* to perform any substantial part of the duties of the occupation which he held at the time the policy was issued, or to perform any substantial part of the duties of an occupation of like productivity, a verdict is demanded that the insured is totally disabled; and where it further appears, without contradiction, that the insured's condition has been such during all the time for which disability benefits are claimed, the verdict awarding such benefits for such period of time is demanded.

4. Where, in such a case as indicated, the insured is permitted to testify, "I am now totally and permanently disabled and have been since I had the first attack in the year 1943," the admission of such evidence is not error (as contended in special ground 2) for any reason assigned, where the insured had already stated all the facts from which he drew his conclusion.

5. Having held in division 3 that the verdict for total-disability benefits for the period sued for is demanded, we hold that it is unnecessary to consider the criticisms made of the charge, or to consider the assignments of error on the court's refusal to charge, contained in special grounds 5, 6, 7, 8, and 9. *Wright* v. *Anthony,* 205 *Ga.* 47, 50 (52 S. E. 2d, 316); *Lunsford* v. *Armour,* 194 *Ga.* 53 (20 S. E. 2d, 594); *Richardson* v. *Hairried,* 202 *Ga.* 610 (44 S. E. 2d, 237).

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*

DECIDED MARCH 18, 1952.

*Gleason & Painter, Shaw & Shaw,* for plaintiff in error.
*G. W. Langford,* contra.