34723. LaBRANCHE *v.* AMERICAN AUTOMOBILE INSURANCE COMPANY *et al.*

DECIDED OCTOBER 10, 1953—REHEARING DENIED NOVEMBER 10, 1953.

*Len B. Guillebeau,* for plaintiff in error.

*Miller & Head, Samuel A. Miller,* contra.

GARDNER, P. J. While it is true, as argued by able counsel for the claimant, that opinion testimony is entitled only to weight when considered with probability and reason, in the instant case two qualified physicians testified that the causative factor involved in the bleeding of an ulcer is erosion, or the natural result of a progressively maturing ulcer. This carries the instant case out of the domain of probability, and into the realm of fact and reality. To our minds the testimony of the physicians was not based on speculation and/or conjecture, but on testimony of qualified experts. Evidence from this source has been accepted or rejected, down through legal history, whenever juries, or fact-finding bodies or the proper legal forum, see proper to accept or reject such, or may be rejected whenever other evidence is more preponderant. In the case of the State Board of Workmen's Compensation, great leeway is allowed in the form of pleading and procedure, as well as in the way of acceptance or rejection of testimony. The instant case is not controlled by the case of *Hartford Accident &c. Co.* v. *Camp,* 69 *Ga. App.* 758 (26 S. E. 2d 679), inasmuch as the facts in that case differ from those in the instant case to a sufficient degree not to be the basis of a reversal of the instant case. The evidence in that case on the first trial and on the second trial was conflicting. The finding of the board was reversed by the superior court and affirmed by this court, not on the ground of a physician's testimony, which was rejected, but on the ground that the question was res adjudicata. Such is not our problem in the instant case.

In *Travelers Insurance Co.* v. *Thornton,* 119 *Ga.* 455 (46 S. E. 678), cited by the claimant, the testimony of the physician was shown to go too far, in that "He [meaning the physician] can give his opinion on physical facts or as to the medical facts, but

he can not determine the legal classification of such facts. It was not proper for him to use the language of the decision and testify that the hernia was a 'contributing cause.' That was a mixed question of law and fact, to be determined in the light of all the evidence; and it would have been as improper to permit such testimony as it would have been in an ordinary case to allow a witness to say that a particular act amounted to negligence, or to contributory negligence, or that another fact was the proximate or a remote cause. The expert may aid the jury, but he can not act as a member of the jury; nor, while on the stand, can he transcend the functions of a witness, and under the guise of giving testimony, state a legal conclusion." P. 456. Nevertheless, even in view of the physician's testimony in that case, in which the testimony was far more out of line than in the instant case, the Supreme Court affirmed the lower court, stating in part (at p. 455), "It was left for the jury to say whether the injury was caused by the fall, and aggravated by the hernia, or whether the hernia was a contributing cause to the injury." We think that that ruling, which has been many times followed, is sufficient for this court to state that the testimony of the physicians in the instant case could be accepted or disregarded, and that there is nothing to show that the prerogative of the fact-finding body was usurped in any way. To hold otherwise would uproot all the calculated rulings of this court and of the Supreme Court, and would be oppressive restrictions on the board. It must be assumed that the board makes a quantitative appraisal of the relevant factors involved in each and every case considered, and that in the course of their experience the board's conclusions express an intuition of experience which outruns legal analysis and sums up many unnamed and tangled impressions so that by and large justice is served. Cumulative experience, in which evidence is accepted and/or rejected, is reflected by the findings of the board in the instant case. Counsel also cites *Gem City Life Ins. Co.* v. *Stripling,* 176 *Ga.* 288 (168 S. E. 20) ; *Brown* v. *Lumbermen's Mutual &c. Co.,* 49 *Ga. App.* 99 (174 S. E. 359) ; and *Williams* v. *Maryland Casualty Co.,* 67 *Ga. App.* 649 (21 S. E. 2d 478). The facts in those cases are not such as are found in the case at bar. Different disabilities were involved.

We do not agree that the physicians in the instant case stated a legal conclusion; nor did they attempt to determine the legal classification of such facts. In *Hartford Accident &c. Co.* v. *Waters,* 87 *Ga. App.* 117 (73 S. E. 2d 70), where a different disability from the one at bar was involved, and, "Where there was no expert opinion to the effect that the exertion contributed to the attack . . . and the admitted opinion of experts that exertion might contribute to such an attack," the court recognized physicians' testimony, as here, and in that case the judgment was affirmed in favor of the claimant. But note that this was a different disability, and there were different facts from those at bar. It is our opinion that that case holds adversely to the contentions of counsel in the instant case. We might state here that many disabilities may be aggravated by even light exertion, and the appellate courts have held this many times when such is shown by competent evidence; and that, in the event of aggravated disabilities (when an employee is otherwise qualified under the Workmen's Compensation Act to receive benefits), compensation will be granted. Competent medical testimony, along with other competent testimony, must necessarily be considered in cases before the State Board of Workmen's Compensation, although the elementary principle of law must be adhered to, that such evidence, as well as any other evidence, may be accepted or rejected by the board. It is not mandatory that any specific testimony be believed or disbelieved, or accepted or rejected by the board. This is within their discretion and unless such discretion is manifestly abused, or unless some error of law appears, this court will not reverse such finding. A long line of decisions of this court and of the Supreme Court, too numerous to be cited here, are predicated upon the principle of law that where there is *any* competent evidence to support the findings of the board, such findings will not be disturbed. Counsel for the defendants have cited the following cases in support of this principle: *South* v. *Indemnity Insurance Co.,* 41 *Ga. App.* 827 (155 S. E. 48); *Taylor* v. *Lumbermen's Mutual Casualty Co.,* 43 *Ga. App.* 292 (158 S. E. 623); *Clark* v. *Fisher Body Co.,* 49 *Ga. App.* 260 (175 S. E. 265); *United States Fidelity &c. Co.* v. *Maddox,* 52 *Ga. App.* 416 (183 S. E. 570); *Shivers* v. *Liberty Mutual Ins. Co.,* 75 *Ga. App.* 409 (43 S. E.

2d 429); *Maryland Casualty Co.* v. *Sanders,* 182 *Ga. App.* 594 (186 S. E. 693). We will not lengthen this opinion with further citations.

The court did not err, for any of the reasons assigned, in affirming the award of the State Board of Workmen's Compensation.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*