35082. FRANKIN LIFE INSURANCE COMPANY *v.* STILES.

DECIDED JUNE 2, 1954—REHEARING DENIED JUNE 24, 1954.

*Shaw & Shaw, Frank M. Gleason, Paul W. Painter,* for plaintiff in error.

*G. W. Langford,* contra.

FELTON, C. J. The plaintiff in error contends that the evidence demanded a verdict in its favor. Suffice it to say without going into the evidence in detail that the evidence authorized the jury's finding. There was evidence that the plaintiff was able to perform only about 15% of the employment duties he performed at the time of his disability, and the jury were authorized to find this to be the truth of the case and that such did not amount to a substantial part of his employment activities. The fact that the plaintiff had earned approximately $10,000 a year during his disability as compared with $15,000

a year prior to his disability did not in itself demand a finding that he was not totally and permanently disabled under the contract. There was evidence that the $10,000 income was primarily from renewal of policies sold prior to disability and returns on investments of prior time and money in his business. Besides, "the clause under consideration was intended primarily as insurance against loss of earning capacity, and was not necessarily a provision against loss of income. [Citations]" *Mutual Life Ins. Co. of N. Y.* v. *Barron,* 198 *Ga.* 1, 12 (30 S. E. 2d 879); *Franklin Life Ins. Co.* v. *Ransom,* 85 *Ga. App.* 659 (69 S. E. 2d 905). Nor was such a finding demanded by the fact that the plaintiff visited his office for a few hours a day and attended to certain details, more in a supervisory capacity. *Mutual Life Ins. Co. of N. Y.* v. *Binion,* 72 *Ga. App.* 173, 178 (33 S. E. 2d 448).

2. Special ground 1 of the amended motion for new trial complains of the following charge: "So in considering the matter of disability, gentlemen, whether or not he is able now, the plaintiff is able now to perform a part or a substantial part of the duties he was performing at the time the policy was issued, not now, but at the time the policy was issued." The complaint is that the charge was error because "it caused or tended to cause the jury to believe that the legal test in determining total and permanent disability was whether the plaintiff was able to perform a part or a substantial part of the duties that he was performing at the time the policy was issued, whereas the true legal test is whether the plaintiff had been incapacitated from performing substantially all of the duties of said employment in which he was engaged, or other employment which the insured might reasonably have been expected to follow." The ground is without merit. The charge stated a correct principle of law under the facts of the case. "The question of whether the insured is totally and permanently disabled, within the meaning of that term as used in the policy, is for the determination of the jury; and the criterion to be used in answering that question is the insured's ability to perform the duties, *or a substantial part* of the duties, of the occupation in which he was engaged at the time the policy was issued." (Emphasis supplied.) *Franklin Life Ins. Co.* v. *Ransom,* 85 *Ga. App.* 659, 660 (1), supra.

3. Special ground 3 of the amended motion complains that the court erred in refusing to give the following requested charge: "I charge you that if you find that the insured at any time after his injury or illness had so readjusted himself to his handicap by education or otherwise, or had found himself, from any circumstances, reasonably able to pursue his ordinary work or any work of like productivity, his alleged total disability would no longer exist, within the meaning of this policy, these terms being relative and the condition therein described being subject to change by circumstances." The charge requested an incorrect statement of the law because it left out an important element of the principle which was charged by the court and is italicized below: "I charge you that under a proper construction of the contract, it would be necessary to show only that insured has regained so much of a capacity to work as would enable him to perform some substantial part of the duties of his profession or of such other work, if any, *approximating the same livelihood, as he might fairly be expected to follow in view of his station, circumstances, and physical and mental capabilities*. If he at any time overcame his disability to this extent, even though to this extent only, he would no longer be totally disabled within the meaning of the policy, but would only be partially disabled, and the insurer did not agree to become liable for mere partial disability." The ground is without merit.

4. Special ground 4 of the amended motion complains that the court erred in refusing to give the following requested charge: "I charge you that plaintiff cannot recover without showing a bodily injury that will incapacitate him not only from following his usual vocation, but also from pursuing any other gainful occupations." The ground is without merit. In five separate instances the judge in his charge gave the correct principle of law applicable to this matter. See *Mutual Life Ins. Co. of N. Y.* v. *Barron,* supra, and *Guardian Life Ins. Co.* v. *Snow,* 51 *Ga. App.* 280 (2) (180 S. E. 241), for a statement of the applicable principle.

5. Special ground 6 is without merit. It complains that the court erred in refusing to give the following requested charge: "If you find from the evidence in this case that the only disability of the plaintiff is such disability as is due to a cardiac

neurosis and that [there] is in fact no danger of any harm or damage to plaintiff in pursuing his occupation and that the voluntary curtailment of his activities is due only to his imagined ills and that he does, in fact, perform a substantial part of his ordinary work or occupation, which provides him a livelihood, then, if you do find, the plaintiff is not totally disabled." It is not contended that the plaintiff did not have a bona fide cardiac neurosis and was faking his illness. The only contention made was that cardiac neurosis and the physical disabilities resulting therefrom were not such disabilities as were covered by the policy. There was medical testimony to the effect that the plaintiff had suffered a heart disease which resulted in a cardiac neurosis, a morbid fear of heart trouble, and that such neurosis had resulted in physical disablement to described extents. If the neurosis caused a physical disability to the extent that he was totally disabled under the policy, he was disabled "as the result of bodily injury or disease" under the terms of the policy.

6. Special grounds 2 and 6 of the amended motion for new trial are without merit.

The court did not err in denying the amended motion for new trial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*