## 38605. DUNCAN v. LIBERTY MUTUAL INSURANCE COMPANY *et al.*

Decided April 17, 1961.

Reeves & Collier, Rex T. Reeves, Merrell Collier, for plaintiff in error.

Greene, Neely, Buckley & De Rieux, Burt De Rieux, contra.

FELTON, Chief Judge. It is apparent throughout the ream of evidence and testimony in this case, that the autopsy and both expert witnesses show that the cause of death originated from the cheek infection. Admittedly both doctors were quick to say that the infection from the wound on Duncan's back could have been transmitted in diverse ways to other parts of the body including the cheek and the sinus cavity where the thrombosis occurred. They both testified however, that it was their opinion that the cause of death originated in the cheek and that the back infection did not contribute to death. Here, once again, we are faced with definite opinion testimony and the weight to be given it as against speculative testimony given by the same witnesses. U. S. Casualty Co. v. Kelly, 78 Ga. App. 112, 116 (50 S. E. 2d 238). "It appears to be well settled that medical testimony as to the possibility of a causal relation between a given accident or injury and the subsequent death or impaired physical or mental condition of the person injured is not sufficient, standing alone, to establish such relation." 135 A. L. R. 517. "A long line of decisions of this court and of the Supreme Court, too numerous to be cited here, are predicated upon the principle of law that where there is any competent evidence to support the findings of the board, such findings will not be disturbed." LaBranche v. American Auto. Ins. Co., 89 Ga. App. 148, 156 (78 S. E. 2d 621) and cit. In American Mutual Liability Ins. Co. v. Brackin, 68 Ga. App. 256 (1) (23 S. E. 2d 505) the

court said: "The weight to be given to expert testimony is a question exclusively in the jurisdiction of a fact-finding tribunal. Where, as in this case, the expert testimony was in conflict, tending to show, on the one hand, that the disease with which the claimant was afflicted was not caused by and had no connection with the injury suffered in the course of his employment and arising out of it, and on the other hand, that the disease was caused by the injury, a finding by the industrial board that the injury did not cause or aggravate the disease was supported by some competent evidence and can not be set aside by the superior court on the ground that the award was without evidence to support it."

In this case when the defendant introduced in evidence the autopsy, a prima facie presumption was established that the cause of death was the cause stated therein. Thus, in addition to the initial burden of proof upon the claimant, the burden of overcoming the prima facie cause of death stated in the autopsy could only be overcome by the introduction of competent evidence of probative value showing that the cause of death was not the cause stated in the autopsy. We think it clear, under the evidence of this case, that the finding was authorized that the claimant was not entitled to compensation. Therefore, the court did not err in affirming the judgment of the State Board of Workmen's Compensation which denied compensation.

*Judgment affirmed. Nichols and Bell, JJ., concur.*