42614, 42615. JACKSON, by Next Friend v. KENNESAW LIFE & ACCIDENT INSURANCE COMPANY; and vice versa.

PANNELL, Judge. Virginia Walker Jackson was the beneficiary named in three insurance policies on the life of her father, Thomas Walker Jackson. The policies were all dated March 2, 1956, and provided for payment of annual premiums. All annual premiums due through March 2, 1963, were paid. On March 2, 1964, the father of the insured paid to the insurance company a quarterly premium on the policies which kept the policies in force through June 2, 1964 (plus a thirty-day grace period), and upon a failure of the insured to make further premium payments, the cash value of the policies, after deducting loans and interest, was applied to extended term insurance which expired September 12, 1964. The insured died May 3, 1965.

Virginia W. Jackson, by her mother as next friend, brought an action against the Kennesaw Life & Accident Insurance Company seeking recovery of death benefits in three separate counts on the three separate policies originally issued by Investors Life Insurance Company, the obligations of which

policies were assumed by the defendant insurance company. The defendant filed general and special demurrers to each count of the original petition. The general demurrers and some of the special demurrers were overruled; other special demurrers were sustained and the plaintiff given thirty days within which to amend to meet the special demurrers sustained. After the amendment was filed to all counts of the petition, the defendant demurred to the petition as amended, demurring generally to each separate count. So far as the record discloses, no ruling has been made upon these last demurrers. Except for the policies sued upon and the amount of the policies each count is identical. The petition alleged that the insured from the latter part of 1961 until his death was totally disabled within the terms of the policy relating to waiver of premiums because of such disability, and that because of this disability, chiefly mental, it was not reasonably possible for the insured to give the insurer notice of his disability.

The defendant, after answering denying the material allegations of the petition and after certain depositions and answers to interrogatories were on file, filed its motion for summary judgment based upon such depositions and answers to interrogatories and supported by additional affidavits. The plaintiff filed counter-affidavits and after hearing the trial court granted the defendant's motion for summary judgment based upon affidavits, the depositions of file, and the answers to interrogatories of file. The plaintiff appealed this decision and the defendant, by cross appeal, enumerates as error the ruling of the trial court overruling its general demurrer filed to the petition prior to the amendment, and passed upon prior to the amendment. *Held:*

1. Where a policy of life insurance provides for waiver of payment of premium "the due date of which occurs during the continuous total disability of the insured and not more than six months prior to receipt at its home office of notice of claim" and "[n]o claim for benefits herein shall be valid unless total disability is established as provided elsewhere herein and written notice thereof is given to and received by the company during the lifetime of the insured and during the continuance of the total disability" and that "[f]ailure to give such notice within such time shall not invalidate such claim if it shall be shown that it was not reasonably

possible to give it within such time and that such notice was given as soon as was reasonably possible," and the insured becomes totally disabled as defined in the policy and remains so until his death, the failure to give such notice prior to the death of the insured, where it was not reasonably possible to do so and such notice was given after the insured's death as soon as was reasonably possible, the waiver of premiums would be effective as of the first premium becoming due more than six months after the total disability began and during the continuance of the total disability, and as to any subsequent premium becoming due during the lifetime of the insured and during the continuance of such disability.

2. Where an insurance policy, in a waiver of premium payment provision based on total disability defines total disability as "incapacity to engage in any occupation for remuneration or profit, which incapacity is the result of bodily injury or disease suffered or contracted after the date of the policy," the fact that the insured, claiming such disability, did, during the time of such alleged disability, make a substantial income, not from his usual occupation, as accountant and executive officer of insurance and investment companies, but primarily as a finder's fee in a sale of an insurance business and a real estate sale does not as a matter of law prevent the insured from being totally disabled under the terms of the policy; and where from the evidence relating to such disability, on motion for summary judgment by the insurer in a suit on such policy, a finding would be authorized that the insured was unable to do substantially all of the material acts necessary to the transaction of the insured's business or occupation in substantially his customary and usual manner of any occupational activity on a substantially continuous basis a finding of total disability as defined would also be authorized. *Cato v. Aetna Life Ins. Co.,* 164 Ga. 392, 398, 399 (138 SE 787); *Franklin Life Ins. Co. v. Stiles,* 90 Ga. App. 311 (82 SE2d 898).

3. Opinion evidence is entitled to weight only when consistent with probability and reason (*LaBranche v. American Auto. Ins. Co.,* 89 Ga. App. 148 (78 SE2d 621)) and as a general rule opinion evidence is not conclusive, controlling, or binding (*Parks v. Fuller,* 100 Ga. App. 463 (111 SE2d 755); *Globe Indemnity Co. v. Hall,* 94 Ga. App. 628 (95 SE2d 759); *Atlantic C. L. R. Co. v. Clements,* 92 Ga. App. 451 (88 SE2d

809); *Southern R. Co. v. Abercrombie,* 45 Ga. App. 623 (165 SE 901)) and the probative value of opinion evidence ordinarily depends on the particular facts and circumstances on which the opinion is based. *Lane v. Happ Bros. Co.,* 44 Ga. App. 577 (162 SE 519). Mere opinions or conclusions of a witness, particularly an unskilled one, without adequate supporting facts, possess little or no probative value (*Patrick v. Holliday,* 200 Ga. 259 (36 SE2d 769); *Cooper v. Aycock,* 199 Ga. 669 (34 SE2d 895); *Dougherty v. Dougherty,* 153 Ga. 487 (112 SE 454)) and have been held insufficient to authorize or sustain a verdict, decree, award, or finding. *Gordy Tire Co. v. Bulman,* 98 Ga. App. 563 (106 SE2d 332). Where the ultimate fact to be proven depends upon opinion evidence, it is improper to direct a verdict based upon such opinion evidence as the determination of ultimate fact is one for the jury rather than the witnesses or the court. Whether or not a person is suffering from a mental illness, and, if suffering from a mental illness, whether or not he had "lucid" intervals, and whether or not during such intervals he is competent to transact business such as giving an insurance company notice of his mental condition, are all matters of opinion, based upon proven facts.

4. Irrespective of whether or not the opinions of the two physicians that the insured was "totally disabled" may have been without probative value (see *Travelers Ins. Co. v. Thornton,* 119 Ga. 455 (1, 2) (46 SE 678); *Hall v. General Acc. Assurance Corp.,* 16 Ga. App. 66, 80-81 (85 SE 600)), the matters shown by the other evidence, introduced on the insurer's motion for summary judgment, as to the unusual and abnormal conduct of the insured, his excessive drinking, his various times of treatment, his admission for treatment to the Milledgeville State Hospital because of mental illness, and of deteriorating memory, was sufficient to authorize an inference that because of the insured's mental condition it was not reasonably possible for him to give the notice of his total disability caused by that same mental condition. and that the notice thereof, given shortly after his death, was given within a reasonable time.

5. Accordingly, we must hold that the trial judge erred in granting the insurer's motion for summary judgment.

6. The defendant, after having its general demurrer to the original petition overruled, and having renewed its general

demurrer to the petition as amended may not now complain of the overruling of the original demurrer (*Folsom v. Howell,* 94 Ga. 112 (1) (21 SE 136)) and there having been no adjudication on the renewed demurrer, nothing is presented to this court for review on the cross appeal.

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*

ARGUED FEBRUARY 7, 1967—DECIDED JUNE 14, 1967— REHEARING DENIED JUNE 30, 1967—

*Edenfield, Heyman & Sizemore, William H. Major,* for appellant.

*Alston, Miller & Gaines, Ronald L. Reid,* for appellee.