A96A2156. PARKER v. PRUDENTIAL INSURANCE COMPANY
OF AMERICA.
(482 SE2d 483)

ANDREWS, Chief Judge.

Robert J. Parker sued Prudential Insurance Company of America claiming Prudential breached its contractual duty to pay benefits to him under a group disability insurance policy. Parker

appeals from the trial court's grant of summary judgment in favor of Prudential.

Prudential issued a group policy to the United States Trust Company of New York as Trustee of the American Institute of Certified Public Accountants Insurance Trust providing disability insurance coverage to participating members of the American Institute of Certified Public Accountants. As a member of the American Institute of Certified Public Accountants, Parker applied for and was accepted by Prudential as an insured under the policy in 1984. When Parker was accepted as an insured under the policy, he was employed by Georgia-Pacific Corporation as Director of Information Resources, a high-level management position in which he managed a group of about two hundred fifty people and nine lower level managers and oversaw a large corporate computer system. In 1986, Parker earned in excess of $240,000 in this position.

In 1987, Parker ceased work for Georgia-Pacific as the result of a disabling illness initially diagnosed as chronic brain syndrome and later described as a form of chronic, severe depression which includes frequent, severe migraine headaches, short-term memory loss, and inability to concentrate. Based on this disability, Parker applied for payment of total disability benefits under the Prudential policy. Prudential accepted Parker's condition as totally disabled under the policy and commenced paying total disability benefits to Parker in October 1987 at the rate of $5,000 per month. During periods of time from 1989 to 1994 Parker requested and Prudential granted him "rehabilitation status" under the policy. While Parker was granted this status, he engaged in various employment in an attempt to reestablish his earning capacity and accepted reduced disability payments according to the amount of monthly income he earned, and Prudential agreed not to challenge his total disability status under the policy. Parker continued to receive benefits under the total disability provisions of the policy until October 1994 when Prudential ceased payment of benefits and informed Parker that, based on his income, it would no longer extend "rehabilitation status" to him and that, because of his employment, he no longer qualified as totally disabled under the policy. At the time Prudential terminated Parker's disability benefits, the record reflects that Parker was working full-time as a self-employed, sole practitioner certified public accountant (CPA) with a yearly income of less than $45,000.

The applicable policy provisions state that an insured is totally disabled when he is "completely unable to engage in any and every occupation for which he is reasonably fitted by education, training or

experience . . . [and when he] is not engaged in any gainful occupation.[1]

In granting Prudential's motion for summary judgment, the trial court concluded that the disability insurance issued to Parker was a specialized group policy extended by Prudential to members of the American Institute of Certified Public Accountants to insure against loss of earning capacity in the accounting profession and was not intended as disability insurance for general business executives. The trial court found that the policy insured Parker against total disability from the occupation of CPA, not total disability from his occupation as a high-level manager at Georgia-Pacific. Accordingly, the trial court ruled that Parker was not totally disabled because he was substantially able to perform the normal duties and activities of a CPA. The trial court further ruled that Parker's diminished income level had nothing to do with assessing total disability since loss of income is subject to influence by the economy, marketability of skills, professional competency, and other factors unrelated to disability which Parker was not insured against by the policy. Parker claims the trial court erred in its assessment of coverage under the group policy and in its refusal to consider loss of income as a factor in determining total disability.

1. We cannot agree with the trial court's assessment that the group policy insured only against disability to engage in the accounting profession. The policy did not require that Parker be employed in the profession of a CPA as a condition of being insured. The policy required only that Parker be a member of the American Institute of Certified Public Accountants, that he request participation in the disability insurance plan on a form satisfactory to Prudential and furnish evidence of insurability satisfactory to Prudential, and that he be working full-time. That Prudential contemplated issuing the policy to CPAs engaged in occupations other than the accounting profession is further evidenced by the fact that the policy contained a separate definition applicable to insureds engaged in the accounting profession. Under these circumstances, we find that it was within the view and contemplation of the parties at the time the policy was issued that Parker was employed as a high-level manager with Georgia-Pacific and was insured under the disability policy against loss of earning capacity in that occupation. *Mut. Life Ins. Co. v. Barron*, 198

---

[1] An amendment to the policy in 1989 also contained the identical requirement that an insured not be engaged in any gainful occupation in order to be considered totally disabled. We need not address which policy applies since the analysis is the same under either policy.

We find no merit to Parker's claim that a 1989 letter he received from a senior accounts representative of the American Institute of Certified Public Accountants Insurance Trust altered the policy definition of totally disabled. Even if the letter could be so interpreted, the policy clearly prohibits any such attempt to alter its terms.

Ga. 1, 10 (30 SE2d 879) (1944); see *Prudential Ins. Co. v. South*, 179 Ga. 653, 658 (177 SE 499) (1934).

2. The definition of total disability in the policy shows that it is not an occupational disability policy providing benefits to the insured for disability from engaging in his particular occupation, but rather is a non-occupational policy which provides benefits to the insured only if he is totally disabled from engaging in any gainful work. *Barron*, supra at 5-6. In determining whether or not an insured is totally disabled under a policy of this nature, we have refused to give a strict and literal interpretation to the policy definition of total disability since to do so would require that an insured be absolutely helpless before qualifying as totally disabled, and "[s]uch an interpretation would not be in keeping with the evident intention of the parties, [construing] the contract in the light of the attendant and surrounding circumstances." Id. at 9-10. Instead, an insured is considered to be totally disabled only if he is unable to perform "some substantial part of the duties of his profession or of such other work, if any, approximating the same livelihood, as he might be fairly expected to follow in view of his station, circumstances, and physical and mental capabilities." (Emphasis omitted.) Id. at 8; *Equicor, Inc. v. Stamey*, 216 Ga. App. 375, 377 (454 SE2d 550) (1995); *Franklin Life Ins. Co. v. Stiles*, 90 Ga. App. 311, 312 (82 SE2d 898) (1954).

There is evidence in this case that Parker incurred and continues to suffer from a mental disability which has prevented him from resuming employment in the type of business management position he held at Georgia-Pacific when the policy was issued. But he has been able to work on a full-time basis as a sole practitioner CPA. His income as a CPA, however, is less than 20 percent of what it was in his former occupation with Georgia-Pacific. Although the disability policy insures against loss of earning capacity and not necessarily loss of income, Parker's diminished income as a CPA after incurring the disability is an important factor to be considered, along with the character of the duties performed and the nature and extent of the disability, in determining whether or not his employment as a CPA is sufficient to deny him total disability benefits under the policy. *Barron*, supra at 12. "Undoubtedly, [Parker's present income] is in one sense a substantial sum, yet it is less than one-fifth of the amount [he] was earning at [or about] the time the policy was issued, and it may or may not represent [Parker's] present actual earning capacity. Whether, if it did, such ratio might then be held as a matter of law to represent a substantial part of his former earning capacity, is a question that need not be determined, since, as we have seen, the evidence as to the character of the services rendered, and as to actual disability, should also be considered." Id. at 13. Since an insured's income level after incurring a disability may be influenced for better

or worse by economic or personal factors which are unrelated to the insured's loss of earning capacity as a result of the disability, "neither income nor proportion of ordinary income during a period of claimed disability could in all cases be treated as the final criterion" for determining whether or not the insured is totally disabled. Id. at 13. Accordingly, the trial court erred by refusing to consider Parker's diminished income as a factor in his claim.

Under the present facts, a jury question is presented as to whether Parker is totally disabled under the policy definition and entitled to benefits. *Barron*, supra at 13; *Stiles*, supra at 312; see *Jackson v. Kennesaw Life &c. Ins. Co.*, 116 Ga. App. 107 (156 SE2d 470) (1967); *Travelers Ins. Co. v. Hill*, 76 Ga. App. 640 (46 SE2d 755) (1948).

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 26, 1997 — ■

*Davis, Matthews & Quigley, Baxter L. Davis, Ted M. Scartz*, for appellant.

*Carter & Ansley, Ben Kingree III, Mary K. Pickard*, for appellee.