# CHARLESTON.

## Sarah Asbury v. Burbridge Kennedy

### (No. 6089)

Submitted February 8, 1928.   Decided February 14, 1928.

Landlord and Tenant—*One Acquiring Possession of Land From Tenant of Another Becomes That Other's Tenant, and Ordinarily Cannot Set up Adverse Title or Possession in Himself (Code, c. 31, § 25).*

Where one acquires possession of land from the tenant of another, he himself becomes that other's tenant, and ordinarily will not be permitted to set up title or possession in himself adverse to that under which he entered. *Genin* v. *Ingersoll*, 2 W. Va. 558.

(Landlord and Tenant, 35 C. J. § 581.)

(Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, McDowell County.

Action by Sarah Asbury against Burbridge Kennedy. Judgment for plaintiff in circuit court, on appeal from justice court, and defendant brings error.

*Affirmed.*

*Joseph M. Crockett* and *Charles A. Tutwiler,* for plaintiff in error.

*D. L. Auvil* and *Taylor & Taylor,* for defendant in error.

HATCHER, JUDGE:

This is an action of unlawful entry and detainer, involving the possession of a tract of 86 acres. It was instituted on March 2, 1926, before a justice of the peace who found for the plaintiff. The case was appealed to the circuit court where a like judgment was rendered.

The defendant contends (1) that the description in the summons is not sufficient; (2) that the evidence in favor of the plaintiff does not warrant a recovery; (3) that the entry of the defendant was made more than two years prior to the institution of the suit; and (4) that the justice was without jurisdiction to try the case, because the title was involved.

The tract was described in the summons as having been conveyed to the plaintiff by Wm. J. O'Toole, Clerk of McDowell county, on June 16, 1925, as being situate on Horse Creek in Sandy River District, and as being occupied by Burbridge Kennedy. The deed from the clerk was filed as evidence, and it contained a description of the 86 acres by metes and bounds. The defendant admitted that he occupied a house within the description of the 86 acres. The description of the premises in the summons is sufficient if it enables an officer to find or to get extrinsic information from which he can find the property in question. *Simpkins* v. *White*, 43 W. Va. 125; *Billingsley* v. *Stutler*, 52 W. Va. 92. Here the sheriff could have located the property from the description in the deed or from the fact that Burbridge Kennedy resided thereon. The description is therefore sufficient.

The evidence for the plaintiff shows that about eleven years ago George Asbury ''contracted'' with the plaintiff for ten acres of the 86 acre tract, in her capacity as guardian of her daughter, Florence, who owned the land. Asbury built a house on the ten acres. He did not pay all the purchase price for the land, and by agreement with the plaintiff that which he had expended was treated as rent, and he remained on the land as her tenant for about five years. He then moved out and turned over the house to his son-in-law, Jerry Rowe. Before doing so he sent Jerry to see the plaintiff. Asbury as a witness says that the plaintiff and Jerry ''dealt'', and that

Jerry "moved in under the contract I had with the widow Asbury". Jerry remained in the house awhile and according to the defendant sold his right in the property to him. Rowe executed no deed. However, the defendant and his son made a deed to the defendant's wife on April 4, 1922, for 25 acres, which was within the 86 acre tract, and included the house. The defendant has occupied the house continuously since then.

It cannot be questioned from the evidence that Rowe was a tenant of the plaintiff. As the defendant secured his possession of the property from Rowe he also became plaintiff's tenant by implication of the law. "When the relation of landlord and tenant has been once established, it attaches to all who may succeed to the possession through or under the tenant, whether mediately or immediately, and the succeeding tenant is as much bound by the acts and admissions of his predecessor as if they were his own." *Neff* v. *Ryman,* 100 Va. 521; *Emerick* v. *Tavener,* 9 Gratt. 224. This principle is recognized in almost identically the same language in our case of *Stover* v. *Davis,* 57 W. Va. 196, at pages 199-200.

The evidence does not disclose that the defendant brought home to the plaintiff notice that he was holding possession adversely to her, consequently the statute limiting the time in which such actions may be brought did not run in his favor.

The defendant filed before the justice an affidavit alleging that he had good title to 25 acres within the 86 acres and that the title thereto would be drawn in question in the action. A counter affidavit was filed on behalf of the plaintiff denying that allegation. The justice was therefore entitled to proceed with a trial of the case. As the law impressed the status of tenant on the defendant, and he gave the plaintiff no notice of disclaimer or adverse holding he is not now permitted to set up title or adverse possession in himself against her. "If a party obtains possession of land from another's tenant, he himself becomes that other's tenant, and cannot be heard to set up title or possession in himself adverse to that under which he entered." *Genin* v. *Ingersoll,* 2 W. Va. 558.

The deed from defendant to his wife in 1922 is of no consequence in this action. The defendant is regarded at law as the head of the family. When he entered the house in question he became the tenant of the plaintiff, and his tenancy, so far as it operated as a recognition of the plaintiff's title, is binding on his wife. He had no title to the property when he made the deed to her, and as she occupies the premises with him, her possession is subordinate to his. See *Chicago & A. Ry. Co.* v. *Keegan,* 185 Ill. 70 (85-6); *Waldron* v. *Waldron,* 73 W. Va. 311 (315).

The deed from the clerk to plaintiff recites that she purchased the 86 acres at a sale for taxes delinquent in the name of Florence Asbury. The defendant contends that as a daughter of Florence is the ward of plaintiff, the purchase of the tax title is fraud on the ward; that plaintiff secured no interest in the land thereby, and should not be permitted to maintain this suit. The effect of the tax deed as between the plaintiff and her ward is one in which the defendant is not concerned. Sec. 25, of chapter 31, Code, provides that under the tax deed, the plaintiff acquired "such right, title and interest in and to said real estate as was vested in the person or persons charged with the taxes thereon for which it was sold". Under that statute the plaintiff acquired at least the legal title of her ward, and upon that title can maintain this action.

Under the evidence the plaintiff was entitled to recover, and the judgment of the circuit court will be affirmed.

*Affirmed.*