## METROPOLITAN LIFE INSURANCE CO. *v.* JOHNSON.

No. 14094. MAY 21, 1942. REHEARING DENIED JUNE 16, 1942.

*Smith, Smith & Bloodworth* and *Weekes & Candler,* for plaintiff in error.

*John A. Dunaway* and *Fraser & Irwin,* contra.

DUCKWORTH, Justice. ■ The proper interpretation of the disability clause here relied upon is controlled by previous decisions of this court. *Cato* v. *Ætna Life Insurance Co.,* 164 *Ga.* 392 (138

S. E. 787) ; *Prudential Insurance Co.* v. *South,* 179 *Ga.* 653 (177 S. E. 499, 98 A. L. R. 781). We think no clearer statement of the rule can be made than that in the *South* case, where, after stating that "the expressions 'any occupation' and 'any work' were thus converted into words of concrete signification, and should be construed to mean the ordinary employment of the particular person insured, or such other employment, if any, approximating the same livelihood, as the insured might fairly be expected to follow, in view of his station, circumstances, and physical and mental capabilities," it was said: "If the insured is so inacapacitated that substantially all of the material activities of any such employment are reasonably closed to him, he is totally disabled within the meaning of the policy." The clear and unmistakable meaning of the rule just quoted is that if any substantially material activities of the employment remain open to the insured, he is not totally disabled within the meaning of the policy, although he is at the same time unable to perform some or even many of the substantially material activities of his employment. The language of the Court of Appeals which the insurance company assails is that, if the insured "had become so incapacitated that he could not do 'substantially all of the material activities' of his employment, . . he is entitled to recover." 66 *Ga. App.* 520 (18 S. E. 2d, 35). Under this statement of the rule, if despite his incapacity the insured could do some or even a majority of the material activities of his employment, he would still be entitled to recover for total disability if there were any material activities of his employment which he could not perform. The attack upon the statement of the rule by the Court of Appeals is therefore well founded, since total disability under the policy exists only when the insured is incapacitated to perform substantially all of the duties of his employment. Perhaps the Court of Appeals based its statement of the rule upon a misconstruction of the language of this court in the first sentence of headnote 3 of the *Cato* case, supra. It was there said: "When the insured is incapacitated from performing any substantial part of his ordinary duties, a case of total disability is presented, although he is still able to perform some parts of his work." Apparently the word "any" was construed to mean "any one," whereas it is apparent from the decision as a whole that the word "any" means "all" or "every." The next sentence in the head-

note states that "total disability is inability to do substantially all of the material acts necessary to the transaction of the insured's occupation, in substantially his customary and usual manner." It is hoped that this effort to define the meaning of the first sentence in the headnote will make for clarification. It is easy to misunderstand the meaning of that sentence on casual reading, since it states that total disability results from incapacity to perform any substantial part of ordinary duties. It might appear on casual reading that incapacity to perform any one substantial duty would constitute total disability, but upon more careful examination it is apparent that the meaning of the language is that so long as the insured has capacity to perform any substantial part of his duties he is not totally disabled. The Court of Appeals cited and followed the *Cato* and *South* decisions by this court, and its final judgment is not erroneous; but the language above quoted is an incorrect statement of the rule.

■ To sustain the judgment against the attack based upon the ground that the verdict was unauthorized by the evidence, there must be evidence that would authorize the jury to find that total disability as defined in division 1 existed. Without here repeating evidence set forth above, it is sufficient to say that the evidence to the effect that the insured had tuberculosis, and that in the judgment of his physician he could not continue his employment without endangering his life, and that he disposed of his store and desisted from the performance of the duties incidental to his occupation, would constitute total disability. The *Cato* case involved physical disability caused by tuberculosis; and while it was held that the representative of the deceased insured could not recover, the holding was based upon the fact that the insured continued to work and refused to desist therefrom. It was said: "Total disability does not mean absolute physical inability to work at one's occupation, or to pursue any occupation for wages or gain; but it exists if the injury or disease of the insured is such that common care and prudence required him to desist and he did in fact desist from transacting his business." There is no dispute in the present case that the insured did desist from performing the duties of his occupation as a merchant; but it is contended by the insurer that the insured's employment by the Elks Club and the compensation he received therefor show an absence of total disability as above

defined. The duties of insured's employment before disability was claimed and the duties of his employment by the Elks Club are so dissimilar that it can not be said that they bear any material relationship. For the purpose of this decision the evidence on behalf of the insured, to the effect that his present employment requires no physical exertion, permits him to remain away from the club until 11 a. m., and permits him to take hours of rest in the afternoon, must be accepted as true, and it shows that he would not be able to perform any substantial part of the duties which he was performing when insured and when his alleged disability arose. The evidence supported the verdict in favor of the insured, and the ruling of the Court of Appeals to this effect is sustained.

*Judgment affirmed. All the Justices concur.*