## 43383.   TRAVELERS INSURANCE COMPANY v. STANLEY.

446

SUBMITTED JANUARY 15, 1968—DECIDED FEBRUARY 28, 1968—
REHEARING DENIED MARCH 25, 1968—CERT. ■

*Mitchell & Mitchell, D. W. Mitchell, Coy H. Temples,* for appellant.

*Walter H. Bolling,* for appellee.

JORDAN, Presiding Judge. ■ The "complete inability of the insured to engage in any and every occupation for wage or profit" as used in the policy here under consideration is substantially equivalent to "totally and permanently disabled . . . so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit" which the Supreme Court construed in *Metropolitan Life Ins. Co. v. Johnson,* 194 Ga. 138 (20 SE2d 761), relying on *Cato v. Aetna Life Ins. Co.,* 164 Ga. 392 (138 SE 787), and *Prudential Ins. Co. of America v. South,* 179 Ga. 653 (177 SE 499, 98 ALR 781). As summarized in the first headnote of the *Johnson* case, the insured is totally disabled when "he is so incapacitated that substantially all of the material activities of his employment, or any similar employment, approximating the same livelihood, are reasonably closed to him. Inability of the insured to perform one or more of the substantial duties of such employment, if this be less than substantially all such duties, does not constitute total disability under such a policy." Later, in *Mutual Life Ins. Co. of New York v. Barron,* 198 Ga. 1, 14 (30 SE2d 879) the court said: "The decision in *Metropolitan Life Insurance Company v. Johnson,* 194 Ga. 138, supra, states what we consider the true rule in a case of this character, and in language that can not well be misunderstood. It did not treat the policy there as an occupational one, but recognized that the insured would not be totally disabled, if he had sufficient capacity to perform the duties of his ordinary occupation or of such other employment, if any, approximating the same livelihood, as he might fairly be expected to follow in view of his station, circumstances, and mental and physical capabilities."

In the light of these decisions, instructions to the jury that the plaintiff must show by a preponderance of the evidence

"that his condition is such as to make him unable to perform all or substantially all of the duties of his occupation, or any other line of endeavor, business or occupation as he might be reasonably expected to follow in view of his station, circumstances and physical and mental capabilities" do not provide the jury with a definition of disability which is less than total and therefore harmful as a matter of law to the insurer, a fortiori when the charge includes instructions, among other statements of the issue, that "the burden is on the plaintiff to show you by a preponderance of the evidence that he is not able to engage in any occupation or enmployment for wage or profit," and later in terms of his "ability to perform the duties or a substantial part of the duties of the occupation in which he was engaged at the time he was injured, or of such other work, if any, approximating the same livelihood as he might be fairly expected to follow in view of his station, circumstances and physical and mental capabilities."

On the whole these instructions are not less favorable to the insurer than the basic rule stated in the *Johnson* case, supra, although the insured, but not the insurer, might have cause for complaint upon proper request for the failure to include the phrase "approximating the same livelihood," etc., or language to the same effect, in all of these instructions (see *Franklin Life Ins. Co. v. Stiles*, 90 Ga. App. 311, 313 (82 SE2d 898)), and the insurer, on proper request, would have been entitled to clarification of the definition in each instance in terms of the explanatory second sentence of the first headnote in the *Johnson* case as to what does not constitute total disability, i.e., mere inability to perform some, but less than substantially all duties.

■ Under the rule in the *Johnson* case, supra, the admitted facts and the evidence amply authorize a verdict for the insured. The insured was employed as a driver-deliveryman-salesman for a soft drink bottling company. He sustained a back injury while handling bottle crates at work on or about May 31, 1961, underwent surgery for a herniated disc in September of that year, and finally stopped work in 1962. He received the maximum payments from the insurer for occupational disability.

He walks with difficulty, has little use of his right leg, and is extremely limited in his ability to engage in any physical activity. The sole medical expert who testified thought that on July 12, 1962, "he could perform an occupation which did not require prolonged standing, bending, or excessive lifting." On September 2, 1966, this doctor thought "he could perform an occupation that did not require him to sit for a prolonged period of time, or over two hours duration, that did not require him to stand, and the job he would be qualified for would be special select type of jobs, enterprises or self-employed person." The doctor explained this as "managing his own affairs or his own business, but that it would be difficult for him to be hired by someone because of this wasting of his right leg, which has shown progressive atrophy or shrinkage, that he would have pain or be disabled as far as long standing." In the doctor's opinion the insured could drive an automobile for short trips, less than 50 miles, and his condition could produce pain which interferes with a normal sleep pattern. This testimony is confirmed by lay testimony. While the insured's exact duties with the bottling company are not shown, we think it clearly inferable that he is physically unable to work as a salesman and deliveryman for a bottling company, or, as stated in the *Barron* case, supra, in explaining the *Johnson* case, supra, "such other employment, if any, approximating the same livelihood, as he might fairly be expected to follow in view of his station, circumstances, and mental and physical capabilities." Both parties agree, and we concur in the view, that the issue is one of earning capacity. Earning capacity in terms of a soft drink salesman and deliveryman or such other employment approximating the same livelihood involves, as a matter of general knowledge, more or less continuous physical exertion during regular work periods. In view of the physical condition of the insured, obviously he no longer has any earning capacity in regard to work of this nature, and it is clear from the evidence that he has not attempted to engage in any means of livelihood of this nature. The insurer relies heavily on the undisputed facts to the effect that the insured, with the equivalent of about the 10th grade in formal education, is mentally alert, and has a sub-

stantial income from various enterprises involving the investment of capital such as real estate rentals, and the sale of chickens, cattle, and improved realty, and that his loss of physical ability has not affected his earning capacity in this respect, contending that this was his primary occupation before and after his injury, and that his employment by the soft drink plant was only supplemental to this activity. This contention is not supported by the record, for it is clear that his full-time employment was that of a soft drink deliveryman and salesman, as was stated on the face of the insurance policy when it was issued in 1956, and that employment of this nature is reasonably closed to him by reason of his physical inability which bars him from performing substantially all of the material activities of such employment or similar employment, as a means of livelihood, and in this sense, as defined in the *Johnson* case, supra, his loss of earning capacity is total, and he is therefore totally disabled.

■ In an action to recover benefits for total disability under the provisions of an insurance policy where, as here, the insurer presents no evidence, and relies in defense solely on the undisputed facts as brought out by the insured and his witnesses on direct and cross examination as the basis of its refusal to make total disability payments, and such facts, upon application of long standing decisions of the Supreme Court, seemingly afford no substantial basis for regarding the insured as other than totally disabled, it is not error to submit the issue of bad faith and attorney's fees to the jury, and a verdict for attorney's fees is not unauthorized as a matter of law, and this court will not disturb the findings and judgment thereon, when the award is within the range of the evidence as to the reasonable value thereof. See *Code Ann.* § 56-1206 and former *Code* § 56-706; *Mutual Life Ins. Co. v. Binion,* 72 Ga. App. 173, 178 (33 SE2d 448); *Continental Cas. Co. v. Stephenson,* 114 Ga. App. 555 (152 SE2d 5); *Reserve Life Ins. Co. v. Ayers,* 217 Ga. 206, 213 (121 SE2d 649); *Piedmont Southern Life Ins. Co. v. Gunter,* 108 Ga. App. 236, 241 (132 SE2d 527); *Nationwide Mut. Ins. Co. v. Barnes,* 108 Ga. App. 643, 645 (134 SE2d 552).

■ The trial judge did not err in overruling the motion for judgment n.o.v. and the motion for new trial.

*Judgment affirmed. Deen, J., concurs. Pannell, J., concurs in the judgment.*