## 47796. SWANSON v. HOLLOWAY.

HALL, Presiding Judge. Plaintiff appeals from the grant of summary judgment to the defendant on the grounds of the pendency of a former suit. Code §§ 3-601, 3-607.

In November of 1971, plaintiff did not know the residence of defendant, an individual. He therefore filed an action in Fulton County where defendant had an office. The serving sheriff merely left a copy of the pleadings and process with a secretary. The defendant specially appeared and filed a motion to quash entry of service and also an answer and counterclaim which specifically reserved his defense of lack of jurisdiction of his person. On March 17, 1972, before a hearing was held on this motion (or any other further proceedings taken) plaintiff filed an identical complaint in the Cobb County Superior Court, the county of defendant's residence. It was personally served on the defendant the same day. On April 5, 1972, plaintiff voluntarily dismissed the action in Fulton County and paid the costs. On April 13, the defendant filed in Cobb Superior Court an answer, a counterclaim, and a motion to dismiss on the ground that there was pending a former suit identical in nature and parties. Code §§ 3-601, 3-607. In July the defendant filed a motion for summary judgment on plaintiff's claim on this very ground. The motion was granted in September.

The court erred in granting the summary judgment. It is clear from the record that there was no suit pending in Fulton Superior Court at the time the defendant filed his motion to abate in Cobb. First of all, the Fulton suit had been dismissed with costs paid *prior* to the filing of defendant's motion. *Singer v. Scott,* 44 Ga. 659. Also, the first suit was not "pending" at any time before the motion. "Where there is no service, there is no suit

pending; and the mere filing of the petition, without proper service, is not sufficient." *Powell v. Powell,* 179 Ga. 817, 819 (117 SE 566). It is undisputed that there was no lawful service here. Code Ann. § 81A-104 (d) (7). Further, defendant's counterclaim does not keep the dismissed suit pending so as to authorize abatement of another under §§ 3-601 and 3-607. It is defendant's own separate action, not the one he is attacking. As he has filed an identical counterclaim in Cobb, the issue will be determined with no prejudice to the defendant. See also *Weems v. Weems,* 225 Ga. 154 (166 SE2d 352); *Piggly-Wiggly Georgia Co. v. May Investing Corp.,* 189 Ga. 477 (6 SE2d 579, 126 ALR 1465); *Boyd Motors, Inc. v. Radcliff,* 128 Ga. App. 15 (195 SE2d 291).

*Judgment reversed. Evans and Clark, JJ., concur.*

SUBMITTED JANUARY 8, 1973 — DECIDED MARCH 8, 1973.

*Arnold & Cate, William H. Cate, J. Michael Campbell,* for appellant.

*Marvin P. Nodvin, Ira S. Zuckerman,* for appellee.