28547. DAVIDSON MINERAL PROPERTIES, INC. v. GIFFORD-HILL & COMPANY, INC.

INGRAM, Justice.

This is a direct appeal from an order entered in Fulton Superior Court denying appellant an interlocutory injunction to restrain the appellee from operating a rock quarry in DeKalb County. Appellant contends that appellee is operating the rock quarry without a required conditional use permit from DeKalb County and that the quarry operation constitutes a nuisance and is a trespass upon appellant's adjoining property.

The conditional use permit relied upon by the appellee as authority to operate the quarry was issued by the DeKalb authorities after a successful mandamus action by the appellee in other litigation in which this court held the permit should be granted under the DeKalb County Zoning Ordinance. That case is reported in *Gifford-Hill & Co. v. Harrison,* 229 Ga. 260 (191 SE2d 85).

The general issue before the court in this appeal is whether the trial court abused its discretion in failing to grant the interlocutory relief sought by appellant. A determination of this issue requires that we consider whether the use permit issued by DeKalb County included authorization for the quarry. The trial court sustained other defenses asserted by the appellee, but we find it unnecessary to consider them.

The DeKalb County officials issued appellee a use permit which stated it was for a "Crushed Stone Plant," but it did not expressly state that it included the operation of a rock quarry. Hence, appellant argues the permit authorized only a "crushed stone plant" and not the operation of a rock quarry in connection therewith. Appellee, on the other hand, contends that the trial court correctly construed the term "crushed stone plant" to include the rock quarry operation. In the earlier mandamus case before this court, we determined the permit application was submitted under subparagraph 16 of § C, Art. XVI of the 1963 DeKalb County Zoning Ordinance for a "stone-crushing operation." This section of the ordinance authorized the conditional use permit for the "development of natural resources, including the removal of minerals, and natural materials, together with necessary building, machinery and appurtenances thereto . . ." In view of this language of the ordinance, and our earlier decision in the mandamus case, we conclude the trial court was correct in holding the conditional use permit issued to the appellee authorized the operation of a rock quarry in connection with the crushed stone plant on appellee's property. The trial court also found, from the evidence considered at the interlocutory hearing, that subsequent to the issuance of the conditional use permit, DeKalb County also issued development and building permits to the appellee for construction of the stone plant and quarry and that the quarry was opened on December 1, 1972. While this finding was not determinative of the issue, it does serve to corroborate the trial court's conclusion that DeKalb County intended the conditional use permit to cover not only the stone plant but also the quarry. See *New Mission Baptist Church v. City of Atlanta,* 200 Ga. 518 (37 SE2d 377); and *Vulcan Materials Co. v. Griffith,* 215 Ga. 811 (114 SE2d 29).

There remains for decision whether the trial court erred in denying injunctive relief because the appellee's quarry operation constitutes a nuisance and is a trespass upon appellant's adjoining land. The trial court found no "actual or threatened injury to (appellant's) property from (appellee's) development of its adjoining property"

as a quarry and no "reasonable basis for (appellant's) fear of injury at some future time." The evidence authorized this finding by the trial court and we conclude there was no abuse of discretion in the denial of the interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 17, 1974 — DECIDED APRIL 16, 1974.

*Grizzard & Simons, Eugene R. Simons, William G. Grant, King & Spalding, Charles R. Gower, Bradley Hale,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, Richard A. Newton, Worsham, Forsyth & Samples, Merlyn D. Samples,* for appellee.