### 30077. DAVIDSON MINERAL PROPERTIES, INC. v. GIFFORD-HILL & COMPANY, INC.

HALL, Justice.

Plaintiff Davidson Mineral Properties, Inc., (Davidson) owns land adjoining that leased to the defendant, Gifford-Hill & Co., Inc. (Gifford-Hill) through an option contract, where Gifford-Hill operates a rock quarry and stone crushing plant. After unsuccessfully fighting the grant of the permit necessary for Gifford-Hill to open its operations (*Gifford-Hill & Co. v. Harrison,* 229 Ga. 260 (191 SE2d 85)), Davidson sued Gifford-Hill alleging first, that Gifford-Hill's permit was for the stone crushing plant only, and did not authorize the maintenance of a quarry, and second, that these operations constituted a nuisance and a trespass on Davidson's adjoining property.

The first of these issues was decided adversely to Davidson in a previous appeal, where this court said, "we conclude the trial court was correct in holding the conditional use permit issued to the appellee authorized the operation of a rock quarry in connection with the crushed stone plant on appellee's property." *Davidson Mineral Properties v. Gifford-Hill & Co.,* 232 Ga. 77, 78 (205 SE2d 269). This ruling is thus the law of the case on this point. Code Ann. § 81A-160 (h).

We also held in the same appeal on the second issue, that the trial court did not err in denying injunctive relief to the plaintiffs on the nuisance claim since "the trial court found no 'actual or threatened injury to [Davidson's] property from [Gifford-Hill's] development of its adjoining property' as a quarry, and no 'reasonable basis for [Davidson's] fear of injury at some future time.' " 232

Ga. 78-79.

The refusal to grant injunctive relief, however, was not dispositive of Davidson's nuisance claim, and Gifford-Hill then moved for summary judgment. The trial court, based on the evidence adduced at the hearing for the injunction in March, 1973, granted Gifford-Hill's motion on February 24, 1975. Davidson appeals.

Though the evidence at the earlier hearing authorized the denial of injunctive relief by the trial court as affirmed in *Davidson Mineral Properties v. Gifford-Hill & Co.,* supra, a different standard of proof is required to support a motion for summary judgment. Compare Code Ann. § 55-108 (where the evidence is in conflict, the trial judge is vested with wide discretion), *Roughton v. Thiele Kaolin Co.,* 211 Ga. 15 (83 SE2d 590), and Code Ann. § 81A-156 (c) (the evidence must show there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law). *Harrison v. Tuggle,* 225 Ga. 211 (167 SE2d 395).

At the hearing, only one month after the quarrying operations had started and three blasts had been made, most of the evidence presented by both parties was opinion evidence by experts in the mining and blasting field, which was given by affidavit. "While opinion evidence adduced by the [non-moving party] is sufficient to preclude the grant of a summary judgment (see *Word v. Henderson,* 220 Ga. 846 (142 SE2d 224)), it does not follow that the introduction of opinion evidence by the movant will authorize the grant of a summary judgment, since no burden is upon the respondent to rebut the movant's case until the movant has first removed, by his affidavits, admissions, interrogatories, etc., all jury questions from the case." *Harrison v. Tuggle,* supra, p. 213. Gifford-Hill has not done so; there are sharp conflicts in the evidence presented by both parties. Furthermore, Gifford-Hill, as movant, did not come forward with any new evidence, though two years had passed since the original hearing. "When viewed in perspective under present practice in Georgia, summary judgment under our law is just what the name implies. It is an abbreviated trial, but of no less importance than any other trial on the merits of the case. One must prepare for a summary judgment hearing with

the same thoroughness and expectation of finality one must contemplate for any trial." *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 606 (203 SE2d 173). Accord, *Ansley v. Atlanta Suburbia Estates,* 231 Ga. 640 (203 SE2d 861). Since the evidence relied on was insufficient to show there were no genuine issues of fact to be drawn from the evidence, Gifford-Hill was not entitled to summary judgment on plaintiff's nuisance claim.

Nor was Gifford-Hill entitled to summary judgment on its defense of laches, since that also is a question for the jury where it cannot be said as a matter of law that the plaintiff was dilatory in asserting its claim. Code Ann. § 37-119. Here, though it had actively fought the issuance of the permit beforehand, Davidson had filed its action only one month after the quarrying operations began. We cannot say as a matter of law that Davidson's claim is thus barred by laches. See *Crews v. Crews,* 174 Ga. 45 (162 SE 107); *Cohron v. Woodland Hills Co.,* 164 Ga. 581 (139 SE 56).

Gifford-Hill's contentions as to Davidson's failure to exhaust its administrative remedies is also entirely without merit. Equity will not require an administrative appeal after the Supreme Court has ordered issuance of a permit through mandamus in another case involving the same parties. See, *Gifford-Hill & Co. v. Harrison,* 229 Ga. 260 (191 SE2d 85).

For the foregoing reasons, the order granting summary judgment to the defendants is hereby reversed.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 9, 1975 — DECIDED SEPTEMBER 16, 1975.

*King & Spalding, Charles L. Gowen, Joseph B. Haynes, Ralph B. Levy, Grizzard & Simons, Eugene R. Simons,* for appellant.

*Worsham, Forsythe & Samples, Merlyn D. Samples, Troutman, Sanders, Lockerman & Ashmore, Richard A. Newton, John L. Taylor, Jr., Robert D. Fortson,* for appellee.