## 55001. ATLANTIC AMERICAN LIFE INSURANCE COMPANY v. MORRIS.

BANKE, Judge.

Mrs. Lucille B. Morris, the appellee, sued Atlantic American Life Ins. Co., the appellant, to recover (as beneficiary) the face amount plus the endowment certificates on a policy insuring the life of her deceased son. She also sought to recover attorney fees and a penalty for bad faith for refusing to pay after demand. The appellant raised an affirmative defense that the insurance contract was void ab initio because of misrepresentations on the application for insurance which were material to the risk.

The jury returned a verdict for the appellee on all counts. The appellant filed motions for new trial and for judgment notwithstanding the verdict. The appellant now appeals the denial of these motions.

1. The appellant alleges that the trial judge erred in permitting the appellee and her daughter to give oral testimony of their conversations with its agent which

varied the terms of the insurance contract.

Resolution of this enumeration of error is governed by the Supreme Court's recent decision in *Peek v. Southern Guaranty Ins. Co.,* 240 Ga. 498 (1978). There the Supreme Court held that:

"An insurer cannot justly assert reliance upon a representation it knows to be false, or is properly charged with knowing to be false. *Christian Brokerage Co. v. Allstate Ins. Co.,* 239 Ga. 850 (1977); *Reserve Life Ins. Co. v. Bearden,* 96 Ga. App. 549 (1) (101 SE2d 120) (1957), affd. 213 Ga. 904 (102 SE2d 494) (1958). *Prudential Ins. Co. v. Perry,* supra, did not find to the contrary, as it held that an agent's knowledge of false statements would not be imputed to the insurer when a limitation of the agent's authority to waive falsity was printed on the *application* for insurance. (Emphasis supplied.)"

In this case, there was no limitation of the agent's authority included in the application form which would have placed the proposed insured on notice, but there was a limitation of authority included in the policy. Thus, the limitation in the policy only placed a limitation on waivers made by the agent subsequent to the issuance of the policy and did not refer to the agent's authority to waive the answers to questions or to change the meaning of questions on the application. See *Metropolitan Life Ins. Co. v. Hale,* 177 Ga. 632 (170 SE 875) (1933).

Inasmuch as the agent's authority was not limited on the application, the agent's actual knowledge of the insured's pre-existing condition was imputed to the appellant, and it cannot now assert reliance on the false representations.

2. In light of our decision in Division 1, it is not necessary for us to consider the appellant's allegation that medical records of the deceased insured were improperly excluded from evidence.

3. The trial judge did not err in denying appellant's motion for new trial on the general grounds or in denying its motion for judgment notwithstanding the verdict on the ground that the insurance policy was null and void.

4. The trial judge did not err in overruling the appellant's motion for a directed verdict on the issue of its liability for damages pursuant to Code Ann. § 56-1206

since the existence, or not, of bad faith is a jury question. See *Colonial Life &c. Ins. Co. v. McClain,* 144 Ga. App. 201 (1977); *Cincinnati Ins. Co. v. Gwinnett Furniture Mart, Inc.,* 138 Ga. App. 444 (226 SE2d 283) (1976).

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED JANUARY 3, 1978 — DECIDED JANUARY 23, 1978.

*Fulcher, Hagler, Harper & Reed, James Walker Harper,* for appellant.

*Nixon, Yow, Waller & Capers, John B. Long, Paul H. Dunbar, III,* for appellee.