## 56376. UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK v. HUCKABY.

McMurray, Judge.

On or about January 1, 1976, United States Life Insurance Company issued a group life insurance policy to Donald E. Milton, d/b/a Milton Contracting Company. A certificate was issued under the group policy on the life of W. T. Huckaby, naming Martha Faye Hackaby as beneficiary.

The issue here is whether or not W. T. Huckaby, who died on or about August 22, 1976, was an employee of Milton Contracting Company so as to be eligible for coverage under the group policy to Milton Contracting Company.

United States Life Insurance Company refused to pay as provided in the policy, and Martha Faye Huckaby sued the insurer seeking judgment for $10,000, 25% as penalty (bad faith) and reasonable attorney fees as provided by Code Ann. § 56-1206 (Ga. L. 1960, pp. 289, 502; 1962, p. 712).

The case proceeded to trial resulting in a jury verdict for the plaintiff for the face value of the insurance policy ($10,000), plus 25% bad faith penalty, and attorney fees in the amount of $4,080. Whereupon judgment was rendered for $10,000 principal, $2,500 bad faith damages and $4,080 attorney fees, totaling $16,580. Defendant appeals. *Held:*

1. A motion to dismiss the complaint was filed in the nature of an abatement of the action because of an existing pending suit in the Superior Court of Fulton County based upon the same cause of action which had not been dismissed or the cost thereof paid. This motion was denied. The entire pleadings in the Fulton Superior Court were not attached to the record, although there was some evidence that the cost had not been paid or that action dismissed prior to the filing of the motion. Plaintiff argues that there were never two validly pending suits and contends that the first action was defective so as not to abate the action, citing *Swanson v. Holloway,* 128 Ga. App. 453 (197 SE2d 150). See also *Powell v. Powell,* 179

Ga. 817, 819 (177 SE 566); *McClendon & Co. v. Hernando Phosphate Co.,* 100 Ga. 219 (28 SE 152); *Hackney v. Asbury & Co.,* 124 Ga. 678 (2) (52 SE 886).

Whether or not there was actual service or proper service in the prior action is not disclosed in the record before us. "Where there is no service, there is no suit pending; and the mere filing of the petition, without proper service, is not sufficient." *Powell v. Powell,* 179 Ga. 817, 819, supra; *Swanson v. Holloway,* 128 Ga. App. 453, supra. Under the circumstances we affirm the ruling of the trial court wherein the record is incomplete in this proceeding to abate the action because of another pending action which is not shown to be error. However, it is noted in defendant's brief that the cost had been paid and the case voluntarily dismissed as to any case pending in Fulton Superior Court. See in this connection *McLanahan v. Keith,* 239 Ga. 94, 97 (236 SE2d 52).

2. In instructing the jury as to the difference between an employee and an independent contractor the trial court charged the jury that the question lies in the right of control and that generally when persons for whom services are performed have the right to control and direct the individual who performs the services, "not only as to result to be accomplished by work but also as to details and means by which result is accomplished," the individual subject to the direction is an employee. The court also continued that: "Generally, the method of payment, whether in wages, salary or commission, or by the piece or job, is immaterial." The court properly instructed the jury as to how the jury should determine whether the relationship is one of employer-employee or employer-independent contractor. See *Hodges v. Doctors Hospital,* 141 Ga. App. 649, 651 (234 SE2d 116). Counsel for defendant cites *Nichols v. G. L. Hight Motor Co.,* 63 Ga. App. 155 (2) (10 SE2d 439), that while method of payment is, "an element to be considered, [it] is not controlling, and is not a decisive test by which to determine whether he is an independent contractor or a servant." Examination of the entire instruction discloses no harmful error. The trial court did not err in charging the jury that generally the method of payment is immaterial. There is no merit in this complaint.

3. At the completion of plaintiff's case defendant moved for a directed verdict in its favor, contending the evidence had shown plaintiff's decedent to be an independent contractor and not an employee. Hence, he was not covered under the group policy of insurance and also that no bad faith was shown in the denial of the claim by the defendant. This combined motion was denied. After the verdict was returned against the defendant, counsel for the defendant moved for judgment notwithstanding the verdict on the same grounds as those raised in his motion for directed verdict. The remaining enumerations of error are concerned with the sufficiency of the evidence to support the verdict and the finding of bad faith.

The evidence here was sufficient for the jury to determine that the plaintiff's decedent was an employee of the company for which the defendant insurer had issued its group policy insuring the various employees, and a certificate had been issued to this employee showing the plaintiff as his beneficiary. The trial court did not err in overruling the motion for directed verdict and the motion for judgment notwithstanding the verdict. *Atlanta Transit System v. Allen,* 101 Ga. App. 751 (115 SE2d 479); *Norris v. Coffee,* 206 Ga. 759 (4) (58 SE2d 812); *Emory University v. Lee,* 97 Ga. App. 680 (1) (104 SE2d 234).

In the case sub judice coverage was shown by the insurance policy, demand was promptly made, and the insurer refused to pay same within 60 days thereafter. While the defendant presented some evidence as to the method of payment of the deceased which might indicate an independent contractor relationship, there was no other evidence presented in proof of same, and this amounted to a mere circumstance. The uncontroverted evidence was overwhelming that the deceased had been an employee, worked full time for the insured employer who fully controlled his activities; and the employee was insured by the defendant as such. The evidence authorized a finding for penalty and attorney fees. The evidence did not show a reasonable and proper cause for denial of the claim. See *U. S. Fidelity &c. Co. v. Evans,* 116 Ga. App. 93 (156 SE2d 809); s.c. 223 Ga. 789 (158 SE2d 243). The evidence here as to bad faith damages was a jury

question. See *Atlantic American Life Ins. Co. v. Morris,* 144 Ga. App. 577, 578 (4) (241 SE2d 463); *Cincinnati Ins. Co. v. Gwinnett Furniture Mart,* 138 Ga. App. 444, 447 (226 SE2d 283).

4. Plaintiff has moved for the assessment of penalty pursuant to Code § 6-1801, contending the appeal was taken up for delay only. While the defendant has been unsuccessful in the prosecution of its appeal we decline to hold that the appeal was merely for delay only. *Security Mgt. Co. v. King,* 132 Ga. App. 618, 621 (208 SE2d 576); *American Fin. Co. v. First Nat. Bank,* 135 Ga. App. 24, 26 (4) (217 SE2d 364). The enumerations of error were arguable and do not require a finding that they were interposed solely for purposes of delay. *Associated Distributors v. Strozier,* 144 Ga. App. 205, 207 (3) (240 SE2d 761).

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 5, 1978 — DECIDED NOVEMBER 2, 1978 —
REHEARING DENIED NOVEMBER 22, 1978.

*Stowers, Roane & Carley, Stephen F. Carley,* for appellant.

*Hardigg & Hardigg, Glenda Hardigg, James A. Hardigg,* for appellee.