## 59462. SCALES v. AMERICAN LEASE PLANS, INC.

McMurray, Presiding Judge.

This is a suit on two promissory notes. Count 1 of plaintiff's complaint seeks judgment against defendant in the principal sum of $16,846.86, plus interest, attorney fees, and court costs. Count 2 seeks judgment against defendant in the principal sum of $1,685.48, plus attorney fees and court costs. Both notes are dated May 25, 1978, and payable one year after this date. Copies of the notes were attached to plaintiff's complaint. Defendant's answer raised a defense of failure to state a claim upon which relief may be granted and showed that the exhibit to plaintiff's complaint which purported to be a copy of the note upon which judgment was sought in Count 1 does not bear the defendant's signature.

Plaintiff filed its motion for summary judgment predicated upon the affidavit of its vice president dated September 4, 1979, which incorporated by reference the exhibits to plaintiff's complaint, including the copy of the note sued upon in Count 1 of plaintiff's complaint which lacked the defendant's signature. The plaintiff filed a supplementary affidavit of its vice president dated September 18, 1979, in support of its motion for summary judgment. The supplementary affidavit incorporated by reference attached exhibits, including a copy of the promissory note for the amount sued for in Count 1 of plaintiff's complaint. This note was in all respects similar to that which had been attached to plaintiff's complaint except this exhibit appears to bear the signature of the defendant. The supplementary affidavit of the plaintiff's vice president states that this exhibit is a copy (photocopy) of a note which defendant executed on or about May 25, 1978, in the amount of $16,846.16 in plaintiff's favor and that the note has matured and is past due and that demands have been made upon defendant for payment of the same but to the date of the affidavit no payments on the note had been made. Defendant presented no evidence in opposition to plaintiff's motion for summary judgment and made no appearance at the hearing on plaintiff's motion for summary judgment.

Summary judgment was granted in favor of the

plaintiff and against defendant. Defendant appeals, contending that the affidavits presented by plaintiff in support of his motion for summary judgment are not sufficient to eliminate genuine issues of material fact raised by defendant's answer and that he has been denied the right to a fair trial under the United States Constitution. *Held:*

1. As authority for his contention that the affidavits submitted by the plaintiff are not sufficient to eliminate genuine issues of material fact, the defendant cites *Cel-Ko Builders &c., Inc. v. BX Corp.,* 136 Ga. App. 777 (222 SE2d 94). In that case an examination of the plaintiff's supporting affidavits revealed that they did not set forth such facts as would be admissible in evidence but merely re-asserted the allegations of the complaint. Due to this deficiency, plaintiff's affidavits in that case were found to be insufficient to eliminate the genuine issues of material fact raised by the defensive pleadings. That case is inapposite here as the affidavits in this case are not deficient in this regard.

Defendant's answer admitted receipt of the demand for payment of the two notes and admitted execution of the note sued on in Count 2. The affidavit which plaintiff submitted in support of its motion for summary judgment, with the note incorporated therein, was uncontradicted and established defendant's signature on a note which served to amend the pleadings in regard to Count 1. *Space Leasing Assoc. v. Atlantic Building Systems,* 144 Ga. App. 320, 327 (4) (241 SE2d 438); *Summerlot v. Crain-Daly Volkswagen, Inc.,* 238 Ga. 546-547 (1) (233 SE2d 749); *Blatt v. Bernath,* 151 Ga. App. 69, 71 (1) (258 SE2d 735). Thus plaintiff established a prima facie right to recover on the notes and since defendant had not established a defense, the plaintiff was entitled to summary judgment. See Code Ann. § 109A-3—307 (Ga. L. 1962, pp. 156, 256); *Area v. Cagle,* 148 Ga. App. 769, 770 (3) (252 SE2d 655).

2. As to defendant's contention that he has been denied the right to a fair trial under the United States Constitution, he has made no argument or citation of authority in support of this contention but has merely restated the contention in a one-sentence paragraph in his brief. An enumeration of error which is not supported by

argument or citation of authority is deemed abandoned. Rule 15 (c) (2); Code Ann. § 24-3615 (c) (2).

3. The plaintiff has made its motion for 10% damages for delay pursuant to Code § 6-1801. Such damages are granted only where this court is fully convinced the case was appealed for delay only. Defendant's first enumeration of error was arguable; therefore we do not find that defendant's appeal was interposed solely for purposes of delay. See *U. S. Life Ins. Co. v. Huckaby,* 148 Ga. App. 190, 193 (4) (250 SE2d 833).

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED FEBRUARY 5, 1980 — DECIDED FEBRUARY 28, 1980.

T. C. Scales, *pro se.*

*Steven Schaikewitz, Dennis M. Hall, Charles C. Pritchard,* for appellee.