## 68451. STEGALL v. GUARDIAN LIFE INSURANCE COMPANY OF AMERICA.

BANKE, Presiding Judge.

The appellant, Willie C. Stegall, sued the appellee, Guardian Life Insurance Company of America (Guardian), to recover damages, a bad-faith penalty, and attorney fees for its failure to pay him certain disability benefits allegedly due under the terms of a group insurance policy. He appeals the grant of the appellee's motion for summary judgment.

The policy in question covered employees of Stephenson Chemical Company, which employed Stegall as a production foreman. The disability benefits in question were payable only if Stegall was totally disabled on and for a certain period after the termination of his employment. The policy defined total disability as a complete inability, due to injury or sickness, to perform any and every duty pertaining to the employee's occupation.

In support of its motion for summary judgment, Guardian presented evidence that after being hospitalized for one week and

convalescing another week in July of 1980, Stegall had returned to work on a full-time basis, with the only limitation on his duties being to avoid heavy lifting, and that his employment had continued until September 28, 1980, when he was discharged. The extent to which Stegall was required to lift heavy objects and perform other strenuous activities prior to his hospitalization is not clear, although an official of Stephenson stated that it was not a "substantial part of his duties." Stegall submitted an affidavit from a cardiologist who had examined him on July 10, 1980, and had determined that he suffered from possible hardening of the arteries leading to insufficient blood supply to the heart. It was this same physician who had directed his hospitalization for those ailments. The doctor stated that, based on his understanding that Stegall's employment required the lifting of heavy weights and the performance of other strenuous physical activity, he was of the opinion that Stegall was totally disabled and unable to perform any type of gainful employment from July 10, 1980, through March 22, 1981. *Held:*

1. An insured is entitled to receive benefits for total disability under a disability insurance policy "when he is so incapacitated that substantially all of the material activities of his employment, or any similar employment, approximating the same livelihood, are reasonably closed to him." *Metropolitan Life Ins. Co. v. Johnson,* 194 Ga. 138 (1) (20 SE2d 761) (1942). In the instant case it is not clear whether or not the doctor was aware that Stegall had returned to work after his hospitalization in July of 1980; however, lack of adequate knowledge on the part of an expert witness normally goes to credibility, not admissibility. Accord *Jones v. Ray,* 159 Ga. App. 734 (4) (285 SE2d 42) (1981). Furthermore, opinion evidence introduced by a party is generally sufficient to preclude the grant of a summary judgment against him as to an issue which is a proper subject of expert opinion. See *Dickson v. Dickson,* 238 Ga. 672 (4) (235 SE2d 479) (1977); *Davidson Mineral Properties v. Gifford-Hill & Co.,* 235 Ga. 176 (219 SE2d 133) (1975). On the record before us, it cannot be said as a matter of law that Stegall was able to perform substantially all the material activities of his employment upon returning to work following his hospitalization. See generally *Metropolitan Life Ins. Co. v. Johnson,* supra. Accordingly, the trial court erred in awarding summary judgment to Guardian Life as to its liability for the insurance benefits.

2. The trial court also erred in awarding summary judgment to Guardian Life as to liability for bad-faith damages and attorney fees pursuant to OCGA § 33-4-6. "[T]he existence, or not, of bad faith is a jury question." *Atlantic American Life Ins. Co. v. Morris,* 144 Ga. App. 577 (4) (241 SE2d 463) (1978). The issue of bad faith should be judged by the case made at trial, not by the preliminary proofs or

other *ex parte* affidavits. *Interstate Life &c. Ins. Co. v. Williamson,* 220 Ga. 323 (2) (138 SE2d 668) (1964).

3. Stegall also asserted a claim for damages against Guardian Life and his former employer for conspiracy to defraud. Because Stegall has not addressed the issue of the correctness of the trial court's grant of summary judgment against him with regard to this claim, that portion of the court's judgment is affirmed. See generally Court of Appeals Rule 15 (c) (2); *Eunice v. Citicorp Homeowners,* 167 Ga. App. 335 (3) (306 SE2d 395) (1983).

*Judgment affirmed in part and reversed in part. Pope and Benham, JJ., concur.*

DECIDED JUNE 26, 1984 —
REHEARING DENIED JULY 11, 1984.

*Daniel K. McCall,* for appellant.

*H. Sanders Carter, Jr., Griffin Patrick, Jr., Suzanne L. Lowenthal,* for appellee.